UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MERCHANT CONSULTING GROUP, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>BECKPAT, LLC DBA PERFORMANCE<br>MERCHANT ALLIANCE A.K.A. MCG;<br>NEPTUNE PARTNERS, LLC DBA<br>PERFORMANCE MERCHANT ALLIANCE<br>A.K.A. MCG; BILLYGOAT LLC DBA<br>MCG, )<br><br>Defendant. | CIVIL ACTION NO. |

## COMPLAINT

### PARTIES

1.      Plaintiff, Merchant Consulting Group, Inc. ("Merchant Consulting") is a Massachusetts limited liability company and has a principal place of business at 201 Washington Street, Suite 214, Salem, Massachusetts 01970.

2.      Upon information and belief, Defendant Beckpat, LLC ("Beckpat") is a Texas Limited Liability Company with a principal place of business at 1700 Pacific Ave., STE 1260, Dallas, TX 75201.  Beckpat's registered agent is Paracorp Incorporated, 3601-2 N. Josey Lane #223 Carrolton, TX 75007.

3.      Beckpat registered the assumed name ("DBA") Performance Merchant Alliance with the State of Texas on May 1, 2015.

4.      Beckpat is owned and operated by Billygoat, LLC and Galactica Holdings, LLC, a Delaware Limited Liability Company.

5.      Upon information and belief, Beckpat sells and markets its products in the Commonwealth of Massachusetts.

6.      Upon information and belief, Defendant Neptune Partners, LLC ("Neptune Partners") is a Florida limited liability company with a principal place of business at 20 N. Orange Ave., STE 1300, Orlando, FL  32801.  Neptune Partners's registered agent is Paracorp Incorporated, 155 Office Plaza Dr., 1st Fl.  Tallahassee, FL  32301.

7.      Neptune Partners was previously named Becksny, LLC ("Becksny").  On September 27, 2016, Becksny filed official paperwork with State for Florida to change its name to Neptune Partners, LLC.

8.      Becksny, now Neptune Partners, registered the fictitious name ("DBA") Performance Merchant Alliance with the State of Florida on May 1, 2015.

9.      Neptune Partners is owned and operated by Galactica Holdings, LLC.

10.     Upon information and belief, Neptune Partners sells and markets its products in the Commonwealth of Massachusetts.

11.     Upon information and belief, Billygoat, LLC ("Billygoat") is a Delaware Limited Liability Company with a principal place of business at 1700 Pacific Ave., STE 1260, Dallas, TX 75201.  Billygoat's registered agent is United States Corporation Agents, Inc., 300 Delaware Ave. STE 210-A, Wilmington, DE  19801.

12.     Billygoat registered the assumed name ("DBA") MCG with the State of Texas on April 26, 2017.

13.     Billygoat co-founded, co-owns and co-operates Beckpat with Galactica Holdings, LLC, which also owns Neptune Partners.

14.     Upon information and belief, Billygoat sells and markets its products in the Commonwealth of Massachusetts.

968598.2

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the

Plaintiff is a citizen of a different state than the Defendants.  In addition, this Court has jurisdiction

pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) and (b) because this matter involves violations

of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as substantial and related state law claims.

16.     This Court has personal jurisdiction over the Defendants, as they transact business within

Massachusetts.

17.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Merchant Consulting's

cause of action arose and Merchant Consulting is being injured in this judicial district, and because the

Defendants are doing business in this judicial district and targeting Massachusetts customers to purchase

its products and services.

## FACTS

18.     Since as early as 2005, and continuously therefrom, Merchant Consulting has sold

payment processing technology equipment and services to large and small business owners across the

country.  The goods have been sold directly by Merchant Consulting sales representatives and through

its website.  Merchant Consulting has built industry reputation through providing live customer support

24 hours per day and offering training and support over the phone and on-site.

19.     The United States Patent and Trademark Office granted ownership of registration no.

3,556,016 (the "Mark") to Merchant Consulting on June 6, 2009.  The Mark is incontestable pursuant to

15 U.S.C. § 1065, and is currently in full force and effect.  The goods under this registration are

"electronic machines for reading credit cards and recording financial operations."  The Mark consists of

a gray "M" in a circle, top part green, bottom part blue, imposed on a gray arrow head shape with the

968598.2

words "merchant consulting group" to the right in black.  A true and accurate copy of the Certificate of

Registration is attached as <u>Exhibit A</u>.[1]  For convenience, an image of the Mark is shown below.



20.     Merchant Consulting has invested substantial resources in promoting its products and

services under its Mark.

21.     In addition, Merchant Consulting markets products and services, including payment

processing technology equipment and services, under the trade name MCG.  Merchant Consulting

publicly refers to itself and is publicly known as MCG.

22.     On May 17, 2006, Merchant Consulting purchased and registered the domain name

"www.merchantconsultinggroup.com" and has continuously used such domain name to market and sell

its products and services.  This domain name has not expired.

23.     The defendants, specifically both Beckpat and Neptune Partners which operate the DBA

Performance Merchant Alliance ("PMA") and Billygoat which operates the DBA MCG, purport to

provide merchant processing services, but they operate as a scam network, and are known for practicing

predatory sales techniques.  The Better Business Bureau rates PMA with an F—the lowest possible

score—due, in part, to a significant number of consumer complaints including misrepresentation of true

cost, misrepresentation of service and contract cancellations, allegations of deceptive means, and failure

to disclose.

---

[1] Merchant Consulting changed its corporate form from a limited liability company to a C Corporation on January 1, 2017.

4

24.     Internet rating services such as Yelp.com, ripoffreport.com, and cardpaymentoptions.com rate PMA with extremely low scores and contain numerous posts from individuals representing themselves as customers and former employees of PMA who identify the company as a scam operation that bilks customers through fraudulent misrepresentation and deceptive marketing techniques.

25.     PMA markets and sells its products and services through sales representatives and on its website located at "www.permerch.com."  The domain name for "permerch.com" was created on April 22, 2015.

26.     Upon information and belief, as PMA was unable to successfully continue its operations under its tainted trade name, PMA misappropriated the trademark and associated goodwill of the plaintiff, Merchant Consulting Group, in order to continue its likely fraudulent operations.

27.     On or before January 8, 2016, PMA spun off or otherwise rebranded part of its business as Merchant Consulting Group, registered the domain name choosemcg.com, and began representing itself as Merchant Consulting Group and/or MCG.  Upon information and belief, PMA / MCG have physical offices in Texas, Florida, and Oregon, and they market their business online nationwide.

28.     Upon information and belief, the company doing business as "MCG" is an alter-ego of PMA.  PMA, through its alter-ego "MCG," has used, and continues to use, Merchant Consulting's brand and logo without authorization in order to profit from Merchant Consulting's goodwill.

29.     Merchant Consulting became aware of PMA's unauthorized use of its Mark, name and brand to market and sell PMA's similar merchant processing services on or about November 2016, when it became aware of the significant customer confusion intentionally caused by PMA's misappropriation of its trade name and Mark.

30.     Upon information and belief, Jonathan Sandlin, an officer of PMA and/or its alter-ego "MCG", has misrepresented himself publicly on the Internet as the Chief Executive Officer of the plaintiff, Merchant Consulting Group, Inc.

31.     PMA, under the guise of its alter-ego MCG, has employed or otherwise contracted with sales representatives who have distributed business cards with Merchant Consulting's Mark, presented service contracts under the name "Merchant Consulting Group" to prospective customers, and began to sell its services on the website located at "www.choosemcg.com."

32.     Customers of PMA, under the mistaken belief they had purchased services from Merchant Consulting, posted their dissatisfaction with PMA on Merchant Consulting's social media sites, including Facebook and Yelp, and filed negative reports with the Better Business Bureau.

33.     The Consumer Protection Division of the Missouri Office of the Attorney General opened a complaint against Merchant Consulting, apparently confusing it for the defendant.

34.     On January 18, 2017, Merchant Consulting sent a cease and desist letter to PMA and its officers to stop any further harm to Merchant Consulting's reputation from PMA's infringement.  The plaintiff has been unable to verify whether PMA has stopped using Merchant Consulting's Mark, and PMA continues to operate and do business as "MCG."

35.     On April 26, 2017, Defendant Billygoat, registered the DBA MCG in Texas, but upon information and belief, Billygoat has been operating MCG with the remaining Defendants since prior to November 2016.

36.     PMA and its alter-ego MCG is using a confusingly similar logo that infringes on Merchant Consulting's Mark.  PMA / MCG's logo uses the same color scheme of green and gray and uses the term "MCG," which is an abbreviation for "Merchant Consulting Group."

968598.2

37.     The Defendants operating PMA and MCG have caused and are likely to cause confusion in the marketplace as to the source or origin of the products sold by PMA and its alter-ego MCG, and are likely to create a false belief that sales by PMA and MCG are authorized by or sponsored by Merchant Consulting.  As a result, PMA's actions jeopardize Merchant Consulting's business operations, including lessening the goodwill associated with Merchant Consulting and its products and services.

**COUNT I – ALL DEFENDANTS**
**(Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114)**

38.     Merchant Consulting repeats and realleges the allegations in the above-numbered paragraphs as if set forth in full herein.

39.     Merchant Consulting's trademark is protected by a valid and incontestable United States Trademark Registration No. 3,556,016.

40.     Operating as PMA, which also operates as the alter ego MCG, Neptune Partners's and Beckpat's commercial use of Merchant Consulting's federally registered trademark no. 3,556,016 is a willful infringement of Merchant Consulting's registered trademark, and such commercial use was with knowledge of and intended to profit from Merchant Consulting's prior rights to its registered trademark.

41.     PMA's commercial use of Merchant Consulting's registered trademark creates a likelihood of confusion in the minds of consumers as to Merchant Consulting's affiliation, connection or association with, or sponsorship or endorsement of PMA's infringing services.

42.     Billygoat, operating as MCG, and PMA's commercial use of Merchant Consulting's other trademarks create a likelihood of confusion in the minds of consumers as to Merchant Consulting's affiliation, connection or association with, or sponsorship or endorsement of PMA's and MCG's infringing services.

43.     Merchant Consulting has not authorized any of the Defendants to make the above-described uses of its trademark.

968598.2

44.     The Defendants have acted knowingly and intentionally in misappropriating Merchant Consulting's trademarks, and have continued to do so despite actual knowledge of Merchant Consulting's rights and their infringement.

45.     Merchant Consulting has suffered and will continue to suffer irreparable harm to its goodwill and brand should the Defendants continue to infringe on Merchant Consulting's trademarks and use of confusingly similar marks.

46.     Merchant Consulting is entitled to all remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits, costs, interest, and attorney's fees.

## COUNT II – ALL DEFENDANTS
### (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

47.     Merchant Consulting repeats and realleges the allegations in the above-numbered paragraphs as if set forth in full herein.

48.     The Defendants have profited from the unauthorized use of Merchant Consulting's federally registered and other trademarks.

49.     The Defendants' use of Merchant Consulting's trademarks has caused, and is likely to continue to cause, confusion in the marketplace and to divert Merchant Consulting's consumers to the Defendants for merchant processing services.

50.     The Defendants' use of Merchant Consulting's marks was not fair or otherwise lawful and the Defendants' had no reason to believe otherwise.

51.     The Defendants' conduct violated, and continues to violate, the Lanham Act, 15 U.S.C. § 1125(a).

52.     As a direct and proximate result of the Defendants' conduct, Merchant Consulting has suffered irreparable harm and, absent immediate injunctive relief, will continue to suffer irreparable

968598.2

harm, including without limitation, direct diversion of sales from Merchant Consulting to the Defendants' and a lessening of the goodwill associated with Merchant Consulting and its merchant processing services.

## COUNT III– ALL DEFENDANTS
### (Cyperpiracy under the Lanham Act, 15 U.S.C. § 1125(d))

53.     Merchant Consulting repeats and realleges the allegations in the above-numbered paragraphs as if set forth in full herein.

54.     Merchant Consulting is the owner of the registered domain name "merchantconsultinggroup.com".

55.     Upon information and belief, the Defendants has marketed and sold services identical to the services provided by Merchant Consulting on the website, "www.choosemcg.com," a confusingly similar domain name.  The Defendants' actions have created a likelihood of consumer confusion that will divert customers and sales of Merchant Consulting to the Defendants.

56.     As a direct and proximate result of the Defendants' conduct, Merchant Consulting has incurred and will likely continue to incur actual damages, entitling Merchant Consulting to injunctive relief, lost profits, the profits derived from the unlawful acts of the Defendants, attorney's fees, and the amount increased pursuant to the principals of equity in accordance with the provisions of 15 U.S.C. §§ 1116, 1117.

## COUNT IV– ALL DEFENDANTS
### (Common Law Unfair Competition)

57.     Merchant Consulting repeats and realleges the allegations in the above-numbered paragraphs as if set forth in full herein.

58.     Merchant Consulting's trademark is well-known throughout the United States.

968598.2

59.     The Defendants' misappropriation of Merchant Consulting's trademark and brand, and

the use of a confusingly similar logo to sell identical services constitutes unfair competition in violation

of the Lanham Act and the common law as well as common law trademark infringement.

60.     As a result of the Defendants actions, Merchant Consulting has suffered and continues to

suffer damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1.      Enter judgment in favor of Plaintiff on all counts of the Complaint;

2.      Award Plaintiff monetary damages plus statutory interest;

3.      Award Plaintiff damages, attorney's fees and costs;

4.      Order Defendants to disgorge all profits realized from its infringing acts; and

5.      Issue any other such relief as the Court deems appropriate or necessary.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**


Respectfully submitted,
MERCHANT CONSULTING GROUP,
INC.
By Its attorneys,


/s/ *Jason E. Armiger*
Joseph J. Laferrera, BBO#564572
    joe.laferrera@gesmer.com
Jason E. Armiger, BBO#685862
    jason.armiger@gesmer.com
Gesmer Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109
Telephone:  (617) 350-6800
Facsimile:  (617) 350-6878

August 1, 2017

10