UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MERCHANT CONSULTING GROUP, INC., <br><br>  Plaintiff, <br><br> v. <br><br> BECKPAT, LLC; et al. <br><br>  Defendant. | CIVIL ACTION NO. 1:17-CV-11405-PS |

## MOTION FOR CONTEMPT
## (THIRD PARTY DISCOVERY)

Pursuant to Fed. R. Civ. P. 45(g), plaintiff Merchant Consulting Group, Inc. ("MCG") hereby moves that this Court find third-party Blue Square Resolutions, LLC ("Blue Square") in contempt of court for failure to respond to a subpoena validly served and issued pursuant to Rule 45.

### Background

MCG brings this case to recover damages caused by the defendants' misuse of its trademarks under the Lanham Act and common law. Since 2005, MCG has sold payment processing technology equipment and services to large and small business owners through the country. MCG's revenue is based, in part, on a portion of each credit card transaction processed through its equipment at merchant retail locations. It is a volume business, and MCG has been successful in large part due to its positive reputation with merchant retailers which it has developed through a careful business model including over a decade of providing exceptional merchant services, sales, and customer support.

1075872.3

Within the past several years the defendants have sought to capitalize on MCG's goodwill by impersonating it and its CEO, Jonathan Arst, while providing poor equipment and abysmal service. The defendants operate a scam network of organizations that, upon information and belief, extends well beyond the currently named defendants and is designed to defraud merchants that trust MCG's good name and reputation. The result is a simultaneous theft of revenue that should pass to MCG coupled with a devaluation of MCG's overall goodwill. Part of MCG's damages case relies on identifying the revenue that the defendants misappropriated by representing themselves as MCG. Two of the defendants have defaulted without answering and in order to accurately calculate the harm attributable to those defendants, as well as gain sufficient information to determine if corporate formalities were adequately observed, the plaintiff must rely heavily on documents and information maintained by third parties. It is likely that, at this stage in the litigation, third-party discovery is the most important discovery tool for MCG to build its case.

Blue Square is a payment solutions provider offering merchant processing services to companies like the plaintiff and the defendants. The defendants and similar companies sign Merchant Agreements which allow them to provide downstream services for Blue Square by directly contracting with merchants to provide equipment and related services in exchange for a portion of overall revenue generated through credit and debit card sales. As part of its business, Blue Square also purchases recurring revenue accounts called residual portfolio accounts, which are revenue sources for the defendants. Information concerning these agreements and accounts that relate to the defendants will allow MCG to better understand, calculate, and present its damages case.

On January 11, 2018, MCG served a subpoena *duces tecum* on the Keeper of Records at Blue Square seeking relevant information related to the agreements and accounts described above. Upon information and belief, Blue Square has responsive documents within its possession, custody, and control. The subpoena, attached as Exhibit A, commanded compliance by January 26, 2018. The deadlines passed with no response from Blue Square. After the deadline passed, MCG's counsel's office attempted to contact Blue Square by phone and/or voicemail on at least February 2, 2018, March 8, 2018, and March 28, 2018, as well as by email on March 22, 2018. Blue Square Administrative Assistant / Client Representative Renee Howard responded by phone and email on March 29, 2018 to inform that the matter has been escalated to the owners, and no further response has been received despite multiple additional follow-up emails from counsel. See Exhibit B, Affidavit of Armiger, April 18, 2018. To date, Blue Square has neither complied with the subpoena, served objections, requested an extension, moved to quash, nor moved to modify.

## Argument

Pursuant to Fed. R. Civ. P. 45(g), a court may hold a non-party in contempt where that party has been properly served and has failed, without adequate excuse, to comply with a subpoena. Martha's Vineyard Scuba Headquarters, Inc. v. Wrecked and Aban, 280 F.R.D. 76, 77 (D. Mass 2011). Blue Square's complete failure to respond, object, move to modify or move to quash by the deadline imposed by the subpoena, coupled with MCG's reasonable belief that Blue Square maintains responsive documents, is *prima facie* evidence of contempt. See Securities Investor Protection Corp. v. Executive Securities Corp., 433 F.Supp. 470, 474 (S.D.N.Y. 1977) citing McPhaul v. United States, 364 U.S. 372 (1960). Since Blue Square is unresponsive its state of mind cannot be ascertained, but even if it could, intent (whether

3

1075872.3

innocuous or malicious) is irrelevant in a civil contempt matter because the purpose of the sanction is not punitive, rather, it operates as both a remedial measure and to inspire future compliance. See McComb v. Jacksonville Paper Co., 336 U.S. 187, 193 (1949); Food Lion, Inc. v. United Food and Commercial Workers Intern. Union, 322 U.S. App. D.C. 301, 310 (1997).

Blue Square's contempt of MCG's subpoena entitles MCG to a contempt order reimbursing it for legal fees and expenses as well as a per diem monetary sanction on Blue Square. Monetary damages of reimbursement and sanctions is both permissible[1] as well as necessary to ensure future compliance. See In re Power Recovery Systems, Inc. 950 F.2d 798, 802–803 (1st Cir. 1991) (upholding sanctions both to compensate and to coerce compliance). Blue Square made no effort to contact MCG prior to the deadline for production, and failed to return phone calls or emails for months thereafter. When a representative finally deemed counsel's inquiries worthy of a response, it was only to notify that the matter had been escalated, and the matter was then promptly ignored despite counsel's warning that this motion would be forthcoming. Blue Square has shown no hesitation to brazenly ignore the powers of this court and has afforded no respect for the judicial litigation process. As such, any additional orders without a monetary component will likely be similarly ignored.

### Conclusion

For the foregoing reasons, MCG respectfully requests that this Court issue an order finding Blue Square in contempt of court for its failure to respond to MCG's subpoena, to order compliance in ten days, and to require legal reimbursement and impose any sanctions this Court deems appropriate. MCG suggests that it should be reimbursed for all legal fees and expenses

---

[1] See McComb, 336 at 193 ("We have no doubts concerning the power of the district court to order respondents, in order to purge themselves of contempt, to pay the damages caused by their violations")

related to securing compliance with the subpoena, including the preparation of this motion, and that if compliance is not made within ten days of the Court's Order, that monetary sanctions of $1,000 per day take effect until full compliance is made. Further, MCG requests that this Court find that Blue Square has waived all objections to the subpoena by not responding within the time set forth therein.

PLAINTIFF,
MERCHANT CONSULTING GROUP, INC,
By its attorneys,

*/s/ Jason E. Armiger*
Joseph J. Laferrera, BBO #564572
joe.laferrera@gesmer.com
Jason E. Armiger, BBO #685862
jason.armiger@gesmer.com
Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109
(617) 350-6800

DATED: April 18, 2018

1075872.3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2018 the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing:

Uyen N. Nguyen, Esquire
Heath & Steinbeck, LLP
577 W. Century Blvd., Suite 765
Los Angeles, CA  90045

Catherine I. Rajwani, Esquire
Lucia A. Passanisi, Esquire
The Harbor Law Group
300 West Main Street, Bldg A, Unit 1
Northborough, MA  01532

I also hereby certify that on April 18, 2018 a true copy of the foregoing document was served by email on Blue Square Resolutions, LLC, 14500 N. Northsight Blvd., #200, Scottsdale, AZ  85260 and in hand by process server.

/s/ Jason E. Armiger
Jason E. Armiger