UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MERCHANT CONSULTING GROUP, INC.,
       Plaintiff,

v.                                                              CIVIL ACTION NO. 17-11405-PBS

BECKPAT, LLC d/b/a/ PERFORMANCE
MERCHANT ALLIANCE a/k/a MCG;
NEPTUNE PARTNERS, LLC d/b/a PERFORMANCE
MERCHANT ALLIANCE a/k/a/ MCG;
BILLYGOAT LLC d/b/a MCG,
       Defendants.

REPORT AND RECOMMENDATION ON
MOTION FOR CONTEMPT (#36).

KELLEY, U.S.M.J.

   This is a Lanham Act case seeking damages caused by defendants' alleged misuse of plaintiff's trademarks. Pursuing discovery, plaintiff Merchant Consulting Group, Inc. (MCG) caused a subpoena duces tecum to be served on the Keeper of Records of a third party, Blue Square Resolutions, LLC (Blue Square), in Scottsdale, Arizona. MCG attests, upon information and belief, that Blue Square has documents responsive to the subpoena within its possession, custody and control. (#36 at 3.) Following numerous attempts by plaintiff to make contact and establish a dialogue with Blue Square (#41-2 ¶¶ 3-5), Blue Square yet failed to respond to the subpoena duces tecum, and MCG filed a motion for contempt pursuant to Federal Rules of Civil Procedure 45(g). (#36.) As redress, MCG requests that Blue Square be found in contempt for not responding to the

subpoena, that Blue Square be ordered to comply with the subpoena in ten days, and that Blue Square be required to reimburse MCG its legal fees associated with the Rule 45(g) motion. No opposition has been filed by Blue Square.[1]

A few points need to be addressed. First, from the record before the court, it appears that Blue Square was properly served with the subpoena duces tecum. A cover letter and the subpoena duces tecum were mailed to the Keeper of the Records at Blue Square. (#36-2 ¶ 2.) Based on the email correspondence submitted, it is clear that Blue Square had actual notice of both the subpoena[2] and the repeated attempts by MCG's counsel to discuss the subpoena and ensure compliance with it. (#41-2.) A copy of the subpoena was also personally served at Blue Square together with the motion for contempt. (#41-3.) In these circumstances, service was arguably proper. *See In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013) (Rejecting strict interpretation of the term "delivering" in Rule 45(b)(1), Fed. R. Civ. P., as requiring personal service, instead finding "service was proper . . . where it was effectuated by a means reasonably calculated to complete delivery and the respondents received actual notice of the subpoena.")

---

[1] Defendant Neptune Partners, LLC (Neptune) filed an opposition (#37) to MCG's motion for contempt without explaining how it had standing to raise objections on behalf of Blue Square. The court ordered MCG to file a reply (#40) so as to clarify the legal issues raised in the opposition.

[2] A Blue Square representative replied to plaintiff's counsel's email, indicating that she had "forwarded the information [a letter and the subpoena] to the owners" and that "[t]hey will get back to you." (#41-2 at 3-4.)

Second, the 100-mile limitation set forth in Rule 45[3] does not necessarily invalidate the subpoena here. Any objection based on the 100-mile rule has not been timely[4] raised, and so is waived absent unusual circumstances. *See* Rule 45(d)(3)(A)(ii) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)."); *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943 LAB (JMA), 2018 WL 2387580, at *4 (S.D. Cal. May 24, 2018) ("A non-party's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived. . . . Nonetheless, [i]n unusual circumstances and for good cause . . . the failure to act timely will not bar consideration of objections to a [Rule 45 subpoena].") (alterations in original; internal citations and quotation marks omitted).[5]

---

[3] Rule 45(c)(2)(A) provides: "A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."

[4] "Timely" is not defined in the rule, but the subpoena required production on January 26, 2018. (#36-1) Having filed nothing in over six months, by any measure an objection by Blue Square at this point would not be "timely."

[5] It is unclear if such an objection would carry the day. The Keeper of the Records at Blue Square, which is located in Arizona, was not required to appear at a deposition in Massachusetts. Rather, only the production of documents, which can be accomplished by mail or electronically from Arizona, was mandated. *See*, e.g., *In re SII Liquidation Co.*, No. 10-60702, 2015 WL 1365591, at *2 (Bankr. N.D. Ohio Mar. 20, 2015) ("[I]t [is] suggest[ed] the subpoena violates Rule 45(c)(2)(A) because it requires production . . . more than 100 miles from Naples, Florida. The subpoena clearly states that production is permitted in lieu of appearance. Even though the production is to be made more than one hundred miles from Parrish White's Naples address, courts generally find that the ability to mail the documents, without requiring a personal appearance, eliminates the geographic obstacle." (internal citations omitted)); *Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2014 WL 12526314, at *2 (D. Ariz. July 22, 2014) ("[N]umerous courts have compelled compliance with a subpoena duces tecum that required the production of documents more than 100 miles from where the recipient resided, worked, or regularly transacted business."); *Martha's Vineyard Scuba Headquarters, Inc. v. Wrecked & Aban*, 280 F.R.D. 76, 77 (D. Mass. 2011) (pre-dating 2013 amendments).

As a final consideration, Rule 45(g) provides that: "The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The meaning of the phrase "[t]he court for the district where compliance is required"[6] is ambiguous, and has been interpreted differently. *See Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *2 (C.D. Ill. July 7, 2017) (reviewing cases). Is the district court in Massachusetts or in Arizona the court of compliance? Some courts have viewed the court of compliance to be the court where production of the documents is required in the subpoena. *See*, e.g., *CSS, INC. v. Herrington*, No. 3:17-MC-71-N-BN, 2017 WL 4750707, at *5–6 (N.D. Tex. Oct. 20, 2017) ("This Court takes the position that, for purposes of a Rule 45(d)(2) or 45(d)(3) motion, the court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii)"); *In re SBN Fog Cap II LLC*, 562 B.R. 771, 775 (Bankr. D. Colo. 2016); *E–Imagedata Corp. v. Digital Check Corp.*, No. 2:16-CV-1761-GMN-VCF, 2016 WL 4515928, at *2 (D. Nev. Aug. 29, 2016).

Other courts have concluded that the place of compliance is located where the deponent lives or works. *See Raap*, 2017 WL 2462823, at *3 ("In light of the purposes behind Rule 45, the Court finds that the better approach is to tie the place of compliance to the location of the subpoenaed person or entity."); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-

---

[6] The phrase "the court for the district where compliance is required," or a variation thereof, is used throughout Rule 45. *See*, e.g., Fed. R. Civ. P. 45(d)(1), Fed. R. Civ. P. 45(d)(3), Fed. R. Civ. P. 45(f). Generally, courts have interpreted the phrase in the context of subsections of Rule 45 other than Rule 45(g), but it may be inferred that the same meaning would be applied to the phrase throughout the rule.

NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) ("As an initial matter, Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person. *See* Fed. R. Civ. P., Rule 45(c)(2)(A) (the place of compliance must be 'within 100 miles of where the person resides, is employed, or regularly transacts business in person')"). The district court in Illinois relied on the Advisory Committee notes to support its conclusion:

> The Advisory Committee Notes for the 2013 amendments suggest that part of the reason for the amendments was to protect nonparties:
>
> To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c).
>
> Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment (pertaining to subdivision (f), the transfer of a subpoena-related motion). The purpose of protecting nonparties is defeated if a party could demand compliance in a location more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person and still require the nonparty to adjudicate a dispute over that subpoena in a distant forum. And the phrase, 'the court in which compliance is required under Rule 45(c)' contained in the Advisory Committee Notes also supports this interpretation. Rule 45(c) requires that the subpoena command production within 100 miles of where the person resides, is employed, or regularly transacts business in person. Therefore, the court in which compliance is required under Rule 45(c) is the court in the district within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person.

*Raap*, 2017 WL 2462823, at *3. However, another court, after noting the concerns expressed in the Advisory Committee notes, stated: "If Simione or other subpoenaed nonparties feel slighted by the designated place of compliance, Rule 45(c) is the clear avenue to challenge the location, and that rule offers sufficient protection from the 'gamesmanship' and forum manipulation of which Simione complains. Because Simione chose not to challenge the subpoena under Rule 45(c), its concerns are inapplicable to this motion." *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407–08 (N.D. Ala. 2014).

Having considered both views, the court finds the reasoning of the *Herrington* court more persuasive.[7] Analyzing the provisions of Rule 45, the court wrote:

> [A] subpoena's listing a place of compliance that violates Rule 45(c)'s requirements is a ground for quashing or modifying the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii). But, consistent with this Court's understanding of how to determine the court or district "where compliance is required," a court in the district encompassing that improper place of compliance can properly make that ruling on a Rule 45(d)(3)(A)(ii) motion as the court for the district where compliance is—whether properly or not—required on the face of the subpoena, and does so consistent with Rule 45's text and structure as well as the practical realities that courts presented with subpoena-related motions and applications face.
>
> After all, while "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)," Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments), the place of compliance is the one directed by the subpoena unless and until a court rules otherwise on a motion under Rule 45(d). At the time of deciding where such a motion must be filed, then, the place named in the subpoena as required by Rule 45(a)(1)(A)(iii) is the place "where compliance is required." This is so even if the subpoenaed non-party has objected based on Rule 45(c) to a subpoena's named place of compliance, because the determination that the subpoenaed non-party and not the subpoenaing party has the better of a Rule 45(c) dispute must await decision on a Rule 45(d)(2) or 45(d)(3) motion.

*Herrington*, 2017 WL 4750707, at *5–6.

In this instance, the issue arises under Rule 45(g). The court has little information apart from the fact that the place of compliance designated in the subpoena duces tecum is Boston, Massachusetts, and Blue Square, although located in Arizona, has interposed no objections to the subpoena. Considering the provisions of Rule 45, and the circumstances at hand, the court

---

[7] In disagreeing with the *Raap* court approach, the Texas district court wrote: "[T]hat approach requires a district court in which a Rule 45(d)(3) motion to quash or a Rule 45(d)(2) motion to compel is filed to first resolve a substantive geographical limits issue under Rules 45(c) simply to decide if it is the court with authority to decide a Rule 45(d)(2) or 45(d)(3) motion—including a Rule 45(d)(3)(ii) motion to quash for violating Rule 45(c)—in the first place." *Herrington*, 2017 WL 4750707, at *6. The court here finds itself facing a comparable dilemma.

concludes that the district court in Massachusetts is the "court for the district where compliance is required," and that the motion for contempt was properly filed here.

On the record before the court, the subpoena duces tecum appears to be valid, and has been properly served. Blue Square has "fail[ed] without adequate excuse to obey the subpoena," Fed. R. Civ. P. 45(g), and may be held in contempt.

Recommendation.

For the reasons stated, I RECOMMEND that the Motion for Contempt (#36) be GRANTED to the extent that the court ORDER Blue Square to comply with the subpoena duces tecum within ten days. If Blue Square fails to comply with the court order, I FURTHER RECOMMEND that an order to show cause issue requiring Blue Square to show cause why it should not be held in contempt, and why monetary sanctions should not be imposed. I FURTHER RECOMMEND that action on MCG's request for attorneys' fees be pretermitted at this time.[8]

Review by the District Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties

---

[8] The Advisory Committee notes to the 2013 amendment explain: "The rule [subsection (g)] is also amended to clarify that contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena. In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . . Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt." Fed. R. Civ. P. 45(g), advisory committee notes (2013 amendments).

are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Federal Rules Civil Procedure, shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

July 11, 2018

/s/ M. Page Kelley  
M. Page Kelley  
United States Magistrate Judge